IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY,<br>     Plaintiff,<br><br>v.<br><br>GENERAL MOTORS COMPANY and GENERAL MOTORS, LLC,<br>     Defendants. | Case No. 4:17-cv-04117-SLD-JEH |

### Order

The Plaintiff, West Bend Mutual Insurance Company, filed a Complaint on May 4, 2017, including Defendants General Motors Company and General Motors, LLC. (D. 1)[1]  The Plaintiff's Complaint asserts diversity of citizenship as a basis for this Court's subject matter jurisdiction.  *Id.* at pg. 3.  The allegations of the Complaint are not sufficient to support that assertion.

The court may *sua sponte* raise the issue of federal subject matter jurisdiction. *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (citations omitted). Asserting jurisdiction on the basis of "information and belief" is insufficient to invoke diversity jurisdiction.  *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("to the best of my knowledge and belief" is insufficient to invoke diversity jurisdiction); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (expressing serious doubts as to whether the record could be sustained in the face of a direct jurisdictional attack where diversity jurisdiction was asserted, in part, based upon information and belief).  Additionally, citizenship for

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

diversity purposes of a limited liability company is the citizenship of each of its members. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006).

The Plaintiff asserts some of the basis for the Court's jurisdiction "[u]pon information and belief[.]" (D. 1 at pp. 1-2). The Plaintiff also failed to specify the citizenship of each of the members of General Motors, LLC. Therefore, the Plaintiff's complaint is not sufficient to invoke diversity jurisdiction.

The Court may grant leave to amend defective allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1653. See also, *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) ("leave to amend defective allegations of subject matter jurisdiction should be freely given") (citations omitted). Accordingly, it is hereby ORDERED that the Plaintiff file an Amended Complaint not later than fourteen (14) days from the date of entry of this Order. In the Amended Complaint, the Plaintiff shall properly allege the basis for the Court's jurisdiction.

*It is so ordered.*

Entered on May 5, 2017.


s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE